IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | Case No: |
| vs. | § § | PATENT CASE |
| ACTIONTEC ELECTRONICS, INC. | § § § | |
| Defendant. | § § | |

## COMPLAINT

Plaintiff Symbology Innovations, LLC ("Plaintiff" or "Symbology") files this Complaint against Actiontec Electronics, Inc. ("Defendant" or "Actiontec") for infringement of United States Patents No. 8,424,752, No. 8,651,369, and No. 8,936,190 (hereinafter "the '752 Patent," "the '369 Patent," and "the '190 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4. On information and belief, Actiontec Electronics, Inc. is a corporation organized and existing under the laws of the State of California, with a place of business located at 760 N

Mary Ave., Sunnyvale, CA 94085. Defendant can be served with process by serving its registered agent for service of process in the State of Texas, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201-3136 USA.

5. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this District. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,424,752)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '752 Patent with sole rights to enforce the '752 Patent and sue infringers.

11. A copy of the '752 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached hereto as Exhibit A.

12. The '752 Patent is valid, enforceable, and was duly issued in full compliance with

Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '752 Patent by using and/or incorporating Quick Response Codes (QR codes) in literature describing, accompanying, or otherwise illustrating its products in a manner covered by one or more claims of the '752 Patent. Defendant has infringed and continues to infringe the '752 Patent in violation of 35 U.S.C. § 271.

14. On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in product literature, associating such QR codes with products and/or services. One specific example of Defendant's activity involves the use of QR codes in product literature for its WCB3000N wireless network extender and Actiontec WiFi Assistant app.

15. For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with its product literature. On information and belief, Defendant has captured a digital image of a QR code associated with product literature, an example of which is shown below.




16. Defendant's product literature informs users that they can scan the QR through their smartphone to obtain product information and download the Actiontec WiFi Assistant app. On information and belief, at least through internal testing, Defendant has used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QR code associated with its products and product literature.

17. On information and belief, Defendant's capture of the digital image is processed by scanning technology loaded onto the portable electronic device. The scanning technology detects symbology (for example, a pattern within the QR code) associated with an object (for example, the QR code itself). On information and belief the scanning technology is used to decode the symbology to obtain a decode string. The decode string is sent to a remote server for further processing. Based on the decode string, the remote server sends information associated with the QR code, which is received by the user of the portable electronic device and displayed on a display associated with the portable electronic device.

18. For example, if a user scans a QR code associated with Defendant's product literature, scanning technology decodes the pattern of the QR code to obtain a decode string and sends the decode string to a remote server. The server returns information associated with the QR code. In this example, the information received by the user and displayed on the portable electronic device is information about Defendant's products, such as the Actiontec WiFi Assistant app and Defendant's network extenders, and includes a website providing additional information about the products. The information is illustrated, for example, with a website at http://www.actiontec.com/products/64.php and the information displayed is illustrated by the partial screen shot below.



19.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

20.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

21.     Plaintiff is in compliance with 35 U.S.C. § 287.

### COUNT II
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,651,369)

22.     Plaintiff incorporates paragraphs 1 through 21 herein by reference.

23.     This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

24.     Plaintiff is the owner by assignment of the '369 Patent with sole rights to enforce the '369 Patent and sue infringers.

25.     A copy of the '369 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached hereto as Exhibit B.

26. The '369 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

27. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '369 Patent by using and/or incorporating Quick Response Codes (QR codes) in literature describing, accompanying, or otherwise illustrating its products in a manner covered by one or more claims of the '369 Patent. Defendant has infringed and continues to infringe the '369 Patent in violation of 35 U.S.C. § 271.

28. On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in product literature, associating such QR codes with products and/or services. One specific example of Defendant's activity involves the use of QR codes in product literature for its WCB3000N wireless network extender and Actiontec WiFi Assistant app.

29. For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with its product literature. On information and belief, Defendant has captured a digital image of a QR code associated with product literature, an example of which is shown below.



30. Defendant's product literature informs users that they can scan the QR through their smartphone to obtain product information and download the Actiontec WiFi Assistant app. On information and belief, at least through internal testing, Defendant has used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QR code associated with its products and product literature.

31. On information and belief, Defendant's capture of the digital image is processed by scanning technology loaded onto the portable electronic device.  The scanning technology detects symbology (for example, a pattern within the QR code) associated with an object (for example, the QR code itself).  On information and belief the scanning technology is used to decode the symbology to obtain a decode string.  The decode string is sent to a remote server for further processing.  Based on the decode string, the remote server sends information associated with the QR code, which is received by the user of the portable electronic device and displayed on a display associated with the portable electronic device.

PLAINTIFF'S COMPLAINT AGAINST ACTIONTEC ELECTRONICS, INC.                                                                | 7

32.     For example, if a user scans a QR code associated with Defendant's product literature, scanning technology decodes the pattern of the QR code to obtain a decode string and sends the decode string to a remote server.  The server returns information associated with the QR code.  In this example, the information received by the user and displayed on the portable electronic device is information about Defendant's products, such as the Actiontec WiFi Assistant app and Defendant's network extenders, and includes a website providing additional information about the products.  The information is illustrated, for example, with a website at http://www.actiontec.com/products/64.php and the information displayed is illustrated by the partial screen shot below.



33.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

34.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

35.     Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT III
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,936,190)

36.    Plaintiff incorporates paragraphs 1 through 35 herein by reference.

37.    This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

38.    Plaintiff is the owner by assignment of the '190 Patent with sole rights to enforce the '190 patent and sue infringers.

39.    A copy of the '190 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached hereto as Exhibit C.

40.    The '190 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

41.    Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '190 Patent by using and/or incorporating Quick Response Codes (QR codes) in literature describing, accompanying, or otherwise illustrating its products in a manner covered by one or more claims of the '190 Patent. Defendant has infringed and continues to infringe the '190 Patent in violation of 35 U.S.C. § 271.

42.    On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in product literature, associating such QR codes with products and/or services. One specific example of Defendant's activity involves the use of QR codes in product literature for its WCB3000N wireless network extender and Actiontec WiFi Assistant app.

43.    For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with its product literature. On information and belief, Defendant has captured a digital image of a QR code associated with product literature, an example of which is shown below.




44.     Defendant's product literature informs users that they can scan the QR through their smartphone to obtain product information and download the Actiontec WiFi Assistant app. On information and belief, at least through internal testing, Defendant has used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QR code associated with its products and product literature.

45.     On information and belief, Defendant's capture of the digital image is processed by scanning technology loaded onto the portable electronic device.  The scanning technology detects symbology (for example, a pattern within the QR code) associated with an object (for example, the QR code itself).  On information and belief the scanning technology is used to decode the symbology to obtain a decode string.  The decode string is sent to a remote server for further processing.  Based on the decode string, the remote server sends information associated with the QR code, which is received by the user of the portable electronic device and displayed on a display associated with the portable electronic device.

46. For example, if a user scans a QR code associated with Defendant's product literature, scanning technology decodes the pattern of the QR code to obtain a decode string and sends the decode string to a remote server. The server returns information associated with the QR code. In this example, the information received by the user and displayed on the portable electronic device is information about Defendant's products, such as the Actiontec WiFi Assistant app and Defendant's network extenders, and includes a website providing additional information about the products. The information is illustrated, for example, with a website at http://www.actiontec.com/products/64.php and the information displayed is illustrated by the partial screen shot below.



47. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

48. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

49. Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patents No. 8,424,752, No. 8,651,369, and No. 8,936,190 (or, in the alternative, awarding Plaintiff running royalties from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: June 7, 2016          Respectfully submitted,

         */s/ Jay Johnson*
         **JAY JOHNSON**
         State Bar No. 24067322
         **D. BRADLEY KIZZIA**
         State Bar No. 11547550
         **ANTHONY RICCIARDELLI**
         State Bar No. 24070493
         **KIZZIA JOHNSON, PLLC**
         1910 Pacific Ave., Suite 13000
         Dallas, Texas 75201
         (214) 451-0164
         Fax: (214) 451-0165
         jay@kjpllc.com
         bkizzia@kjpllc.com
         anthony@kjpllc.com

         **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

# EXHIBIT B

# EXHIBIT C